UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STACEY YANOSKY, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-5047** |
| **ST. TAMMANY PARISH SCHOOL BOARD, ET AL** | **SECTION "B"(2)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion to Dismiss (Rec. Doc. No. 7) and Motion for Summary Judgment (Rec. Doc. No. 7). After review of the pleadings and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendants' Motion to Dismiss and Defendants' Motion for Summary Judgment are **GRANTED.**

### *DISCUSSION*

**A. Legal Standards of Review**

**1. Rule 12(b)(6) Motion to Dismiss**

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). " 'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that

1

is plausible on its face.' " *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* Legal conclusions "must be supported by factual allegations." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the line from conceivable to plausible." *Twombley*, 550 U.S. at 570.

### 2. Rule 56 Motion for Summary Judgment

Summary judgment is proper if the pleadings, depositions,

interrogatory answers and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2554-55 (1986). A genuine issue exists if the evidence would allow a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). Although the Court must consider the evidence with all reasonable inferences in the light most favorable to the non-moving party, the nonmovant must produce specific facts to demonstrate that a genuine issue exists for trial. *Webb v. Cardiothoracic Surgery Associates of North Texas,* 139 F.3d 532, 536 (5th Cir. 1998). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Id.* Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enter., Inc.* 7 F.3d 1203, 1207 (5th Cir. 1993).

**B. Plaintiffs' First Amendment Claims Are Without Merit**

The First Amendment of the Constitution states in pertinent part that "Congress shall make no law...abridging the freedom of speech." However, the Supreme Court has stated that this right is "not an unlimited, unqualified right, but that the societal value of speech must, on occasion, be subordinated to other values and

3

considerations." *Dennis v. United States*, 341 U.S. 494, 503 (1951).

Both parties cite *Tinker v. Des Moines Indep. Cmty. Sch. Dist.*, acknowledging the Supreme Court's recognition that schools may regulate aspects of student speech that "might reasonably [lead] school authorities to *forecast* substantial disruption of or material interference with school activities." *Tinker*, *supra* 393 U.S. 503, 514 (1969)(emphasis added). Reviewing the facts in a light most favorable to the plaintiffs, it cannot be said that plaintiffs would be entitled to relief.

Plaintiffs concede that two bomb threats were called into the school the day prior to when S.Y.'s alleged comments were made. (Rec. Doc. No. 1, ¶ 3). Additionally, Plaintiffs concede that these threats caused school officials to evacuate the school twice that same day. *Id.* These evacuations most certainly caused substantial disruption and interference with school activities. Therefore, it was reasonable for school officials to forecast that substantial disruption and interference would result from S.Y.'s comments made in class. As such, Plaintiffs' claim that Defendants violated S.Y.'s freedom of speech is without merit.

**C. Plaintiffs' Due Process Claims Are Without Merit**

The Supreme Court has "recognize[d] a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause." *Goss v. Lopez*, 419 U.S. 565,

574 (1975). Clearly, this is a case where process is due. "Once it is determined that dues process applies, the question remains what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). The courts have determined that "at a minimum" any deprivation by adjudication be "preceded by notice and opportunity for [a] hearing appropriate to the nature of the case." *Mullane v. Central Hanover Trust Co.*, 339 U.S. 306, 313 (1950). The opportunity to be heard is a fundamental requirement of due process law. The "timing and content of the notice and the nature of the hearing will depend on appropriate accommodation of the competing interests involved." *Goss* v. Lopez, 419 U.S. 565, 579; *Cafeteria Workers v. McElroy*, 367 U.S. 886, 895(1961). However, in recognizing the complexities of public education, the Supreme Court has noted that "[e]vents calling for discipline[...]sometimes require immediate, effective action." *Id.* at 580.

In this case, Plaintiffs were on notice of the nature and charges of the expulsion hearing because of S.Y.'s suspension from school. Defendants cite and Plaintiffs concur with the proposition that *Bd. of Educ. or Monticello Cent. Sch. Dist. v. Comm'r of Educ.* sets forth that "the notice 'need only be sufficiently specific to advise the student and his counsel of the activities or incidents which have given rise to the proceeding and

5

which will form the basis for the hearing'". 690 N.E.2d 480, 483 (N.Y. 1997). The parties' citation references the requisite specificity of the *charges* brought against the student not the nature of the notice of hearing. However, the court in *Bd. of Educ. or Monticello Cent. Sch. Dist.* does not address timing of the notice at all.

Taking into account the Supreme Court's recognition that certain events may require immediate and effective action, the school districts interest in maintaining order and a safe learning environment, the notice given to Plaintiffs was reasonable under the circumstances.

**D. Plaintiffs' Equal Protection Claims Are Without Merit**

Plaintiffs cite in their pleadings other instances of student conduct which they claim demonstrates S.Y.'s subsequent arrest for terrorizing was unwarranted and thus a violation of his equal protection rights. (Rec. Doc. No. 1, ¶¶ 27-30). Defendants cite *LeClair v. Saunders* as offering a two-prong test by which to evaluate constitutionality of government actions. 627 F.2d 606 (2nd Cir. 1980). The *LeClair* test prescribes that liability in equal protection case such as that presented here should "...depend on proof that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race,

6

religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Id.* at 609-610.

Plaintiffs cite no legal authority to contradict Defendants application of *LeClair* and instead rely on assertions that S.Y. was targeted by his teacher, defendant Christy Nelson ("Nelson"). Additionally, Plaintiffs assert that the action taken by Defendants with respect to these other instances was consistent with the action taken against S.Y. which led to his suspension and eventual expulsion. In reviewing the record and drawing all inferences and resolving all disputes in favor of Plaintiffs, it can reasonably be concluded that Plaintiff was not selectively treated when compared to others similarly situated. Taking into account the totality of the circumstances, including *inter alia*, the bomb threats made the previous day, Defendants' actions were reasonable and inline with the disciplinary dispensation that resulted in these other cases, thus satisfying the first prong of *LeClair*.

There has been no representation that S.Y. was targeted based on impermissible considerations such as race or religion nor an intent to inhibit or punish the exercise of a constitutional right. However, Plaintiffs' assert that S.Y. was targeted by Nelson maliciously or with bad faith intent to injure him. (*See* Orig. Complaint; Rec. Doc. No. 10). An examination of Plaintiffs' exhibit #2 to their opposition memorandum demonstrates that S.Y.'s

7

disciplinary history extended beyond Nelson's classroom as it appears that 3 of the 8 behavior reports came from other teachers. It is therefore reasonable to conclude that Defendants had no malicious intent in the action they took against S.Y. Accordingly, the equal protection claim falls.

The criminal charges brought against S.Y. are beyond Defendants' purview as an educational entity; they are not the state prosecutor in charge of determining whether criminal charges will be filed and pursued in state court.

**E. Plaintiffs' Claims Are Precluded by the *Heck* Doctrine**

Defendants move for this court to dismiss Plaintiffs § 1983 action arguing that Plaintiffs' claims are precluded by the *Heck* Doctrine whereby any civil rights claim under § 1983 that impugns or collaterally attacks the claimant's prior criminal conviction may not be maintained. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The Supreme Court in *Heck v. Humphrey* held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck*, 512 U.S. at 487.

A favorable judgment for Plaintiffs would collaterally impugn the integrity of S.Y.'s prior plea of nolo contendre. It would

8

tend to undermine the validity of the prosecution and conviction of S.Y. for related state criminal charges.

Plaintiffs' claims are without merit and assuming *arguendo* they are not, Plaintiffs' claims are precluded by *Heck*. Plaintiffs have not produced specific facts beyond conclusary rebuttals to show that genuine issues exist for trial. Accordingly, Defendants' Motion to Dismiss and Defendants' Motion for Summary Judgment are **GRANTED.**

New Orleans, Louisiana this 23rd day of March, 2010.

*[signature]*